Filed 12/10/13  Sterling Park, L.P. v. City of Palo Alto CA6
Opinion on remand from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| STERLING PARK, L.P. et al., | H036663 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 1-09-CV154134) |
| v. | |
| CITY OF PALO ALTO, | |
| Defendant and Respondent. | |

This matter is before us on remand from the California Supreme Court.  Defendant City of Palo Alto (City) conditions its approval of certain residential development applications upon the developer's compliance with the City's below market rate (BMR) housing program.  Plaintiffs Sterling Park, L.P. and Classic Communities, Inc., sued the City, challenging the BMR housing exactions the City required for approval of their development.

The trial court granted summary judgment for the City, finding that the complaint was untimely under the 90-day limitations period set forth in Government Code section 66499.37 of the Subdivision Map Act.[1]  The trial court rejected plaintiffs' contention that the action was not governed by section 66499.37 of the Subdivision Map Act, but by section 66020 of the Mitigation Fee Act, which sets forth its own limitations period.  We affirmed, relying on this court's holding in *Trinity Park*, *L.P. v. City of Sunnyvale* (2011)

---

[1] Further statutory references are to the Government Code.

193 Cal.App.4th 1014, 1043, that section 66020 of the Mitigation Fee Act applies only to "exactions imposed for the purpose of 'defraying all or a portion of the cost of public facilities related to the development project.' " We reasoned that because the BMR housing concessions were not intended to defray the cost of public facilities related to the development project, section 66020 of the Mitigation Fee Act had no application, and the action was time-barred by the limitations period in section 66499.37 of the Subdivision Map Act.

The Supreme Court reversed, holding that section 66020 of the Mitigation Fee Act applies to conditions "on development a local agency imposes that divest the developer of money or a possessory interest in property," including the City's BMR housing program. (*Sterling Park*, *L.P.* v. *City of Palo Alto* (2013) 57 Cal.4th 1193, 1207.) The Supreme Court expressed no opinion regarding the merits of the underlying action or whether the action is timely under section 66020. The Supreme Court remanded the case to this court, directing us to decide any remaining issues.

Whether the trial court correctly granted summary judgment on the ground that plaintiffs' action was time-barred by section 66499.37 of the Subdivision Map Act was the sole issue presented for decision to this court. There is consequently no further action required by us beyond returning the matter to the trial court.

## Disposition

The summary judgment is reversed, and the cause is remanded to the trial court with directions to vacate its order granting the City of Palo Alto's motion for summary judgment, and to enter an order denying that motion for the reasons articulated by the California Supreme Court.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

3